STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
LOCATION: PORTLAND
DOCKET NO. PORSC-RE-2017-142

PNC Bank, National Association
               Plaintiff
               vs.

Lesley A. Hurley f/k/a Lesley A. Shinay and
Michael Hurley
               Defendants

Deutsche Bank National Trust Company, as
Trustee for the Certificateholders of the First
Franklin Mortgage Loan Trust 2007-FFB-SS
Mortgage Pass-Through Certificates, Series
2007-FFB-SS
Maine Revenue Services
               Parties-In-Interest

AGREED ORDER OF FORECLOSURE
AND SALE

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
98 Summit Park Avenue
Portland, ME 04103
Book 21620, Page 1

REC'D CUMB CLERKS OF
AUG 10 '17 AM8:26

NOW COMES the Plaintiff, PNC Bank, National Association, and the Defendants, Lesley

A. Hurley f/k/a Lesley A. Shinay and Michael Hurley, by and through their undersigned counsel,

and hereby submit this Agreed Order of Foreclosure and Sale. The parties stipulate to the facts as

follows:

1.     That Defendants have breached the condition of Plaintiff's mortgage deed, dated

July 30, 2004, and recorded in the Cumberland County Registry of Deeds in **Book 21620, Page 1** in

connection with the property located at 98 Summit Park Avenue, Portland, ME 04103.

2.     That Plaintiff is owed the following under its Note and Mortgage

as of May 15, 2017:

| | |
|---|---|
| Principal: | $169,602.79 |
| Accrued interest: | $ 53,703.41 |
| Escrow Advance: | $ 23,448.80 |
| Recoverable Balance: | $ 6,970.40 |
| Total: | $253,725.40 |

a.     additional reasonable expenses incurred by Plaintiff after June 19, 2017 in

connection with this action, including the completion of the foreclosure or in

connection with a redemption;

b.      additional prejudgment interest accruing on said principal balance after May 15, 2017 at the rate of 7.1000% per annum pursuant to the note and post-judgment interest rate of 7.1000% pursuant to 14 M.R.S.A., section 1602-C.

c.      any amounts advanced by Plaintiff to protect its mortgage security.

3.      The order of priority of the claims of the parties to this action is as follows:

FIRST:      The Plaintiff, by virtue of its mortgage in the above amounts and attorney's fees.

SECOND:      Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the First Franklin Mortgage Loan Trust 2007-FFB-SS Mortgage Pass-Through Certificates, Series 2007-FFB-SS in the amount of $47,000.00

THIRD:      Maine Revenue Services, in the amount of $3,344.42 As of September 15, 2017

FOURTH:      Maine Revenue Services, in the amount of $6,733.94 As of September 15, 2017

FIFTH:      Maine Revenue Services, in the amount of $6,446.56 As of September 15, 2017

SIXTH:      Maine Revenue Services, in the amount of $2,601.45 As of September 15, 2017

SEVENTH:      The Defendants

4.      The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b)(2) of M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for expenses incurred for the following reasons:

a.      Upon entry of this judgment, the time periods under 14 M.R.S.A., section 6322 and section 6323 will begin to run even though this judgment, if not entered as final, is subject to later revision;

b.      The Plaintiff and any bidders at the foreclosure sale will be exposed to some

risk and the sales results prejudiced if the judgment is subject to later revision;

c.   Any dispute regarding Plaintiff's claim for expenses incurred may be resolved by Defendants filing a motion contesting Plaintiff's Report of Sale, pursuant to 14 M.R.S.A., section 6324.

**WHEREFORE**, it is hereby ordered and decreed that if Defendants do not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6323 and disburse the proceeds of said sale after deducting the expenses thereof, to the Plaintiff in the amount due on its mortgage and attorney's fees and costs, and the surplus, if any, as outlined in paragraph 3 above.

*This judgment does not seek any personal liability of the Defendants as affected by any bankruptcies filed but only seeks an In Rem Judgment against the property.*

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period and Defendants are ordered to vacate the real estate at that time if Defendants have not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A. section 2401:

1.   The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.

2.   The docket number is PORSC-RE-2017-142.

3.   The court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.      A description of the real estate involved is set forth in Schedule B attached hereto.

5.      The Plaintiff is responsible for recording the attested copy of the Judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1), except as to expenses incurred by Plaintiff after June 19, 2017, and the Plaintiff shall specify expenses incurred after June 19, 2017 in its Report of Sale, which shall be deemed a timely application for award of additional attorney's fees, notwithstanding the requirements of M.R.Civ.P. Rule 54(b)(3) to file such application within sixty (60) days after judgment. Defendants may contest the Report of Sale and application for additional attorney's fees by filing a motion pursuant to 14 M.R.S.A. section 6324.

The Clerk is specifically directed, pursuant to M.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Dated: 7/3/17

Respectfully submitted:

John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
(978) 921-2670

Dated: 8/9/17

Justice, Superior Court

Date entered into the docket: 8/10/2017

Dated: 6/28/17

Defendant
Lesley A. Hurley f/k/a Lesley A. Shinay
98 Summit Park Avenue
Portland, ME 04103


Dated: 6/28/2017

Defendant
Michael Hurley
98 Summit Park Avenue
Portland, ME 04103

REC'D CUMB CLERKS O
JUL 10'17 PM4:03

Dated: 6/17/12

_____
Party-In-Interest
Maine Revenue Services
Attn: Kevin J. Crosman,
Assistant Attorney General
111 Sewell Street, 6th Floor
Augusta ME 04333

REC'D CUMB CLERKS OF
JUL 10 '17 PM4:03

Dated: _____

Party-In-Interest
First Franklin Financial a Division
of National City Bank of Indiana
c/o Agent CT Corporation System
1536 Main Street
Readfield ME 04355

# SCHEDULE A

| | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | PNC Bank, National Association | John A. Doonan, Esq. Reneau J. Longoria, Esq. 100 Cummings Center Suite 225D Beverly, MA 01915 |
| DEFENDANTS | Lesley A. Hurley f/k/a Lesley A. Shinay 98 Summit Park Avenue Portland, ME 04103 | Pro Se |
| | Michael Hurley 98 Summit Park Avenue Portland, ME 04103 | |
| PARTIES-IN-INTEREST | First Franklin Financial, a division of National City Bank of Indiana 60 Wall Street New York, NY 1005 | Not Appeared |
| | Maine Revenue Services | Kevin Crosman Assistant Attorney General 6 State House Station Augusta, ME 04333 |

## SCHEDULE B

A certain lot or parcel of land with the buildings thereon situated in Portland, County of Cumberland and State of Maine, and being Lot 42 on Summit Park Avenue as delineated on a Plan of a portion of Summit Park, Section 2, owned by General Development Co., said Plan dated October 23, 1959 and recorded in the Cumberland Country Registry of Deeds in Plan Book 52, Page 26, as revised in Plan of a Portion of Summit Park Revised, owned by General Development Co., dated February 1960 and recorded in the Cumberland County Registry of Deeds in Plan Book 53, Page 36.

Being the same premises conveyed to the Grantors herein, Lesley A. Shinay and Michael P. Hurley, by deed of even or near date to be recorded herewith. Being also the same premises conveyed to John A. Robertson by deed of Rhonda J. Robertson recorded on 1/6/04 in the Cumberland County Registry of Deeds as Book 20743, Page 165. Further reference is made to a deed from Jacqueline M. Marquis f/k/a Jacqueline M. Ouellette to John A. Robertson and Rhonda J. Robertson, recorded on 6/9/03 in said Registry of Deeds as Book 19515, Page 98.

PNC BANK NA VS MICHAEL HURLEY ET AL
UTN:AOCSsr  -2017-0038372                    CASE #:PORSC-RE-2017-00142
--------------------------------------------------------------------------------

| Seq. No. | | REPRESENTATION TYPE | | DATE |
|---|---|---|---|---|
| 01 0000003250 ATTORNEY:DOONAN, JOHN A | | | | |
| ADDR:100 CUMMINGS CENTER, STE 225D   BEVERLY MA 01915 | | | | |
| F FOR:PNC BANK NA | | PL | RTND | 05/26/2017 |
| | | | | |
| 02 0000004279 ATTORNEY:CROSMAN, KEVIN J | | | | |
| ADDR:6 STATE HOUSE STATION AUGUSTA ME 04333-0006 | | | | |
| F FOR:MAINE REVENUE SERVICES | | PII | RTND | 06/14/2017 |

Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:___

Select the EXIT KEY for page selection line.